IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3069-D

| | |
|---|---|
| DENNIS EDWARD PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| MARJUSRI BASU, et al., | ) |
| Defendants. | ) |

On May 12, 2010, Dennis Edward Phillips ("Phillips" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1], along with an affidavit [D.E. 4] and a motion to appoint counsel [D.E. 5]. Phillips seeks leave to proceed in forma pauperis [D.E. 2]. On February 1, 2011, the court reviewed the complaint and allowed Phillips's claim for deliberate indifference to a serious medical need to proceed against defendants Basu, Walker, Parekh, Igboekwe,[1] and McDevitt[2] [D.E. 11]. Between April 18 and August 8, 2011, Basu, Parekh, Igboekwe, and McDevitt filed motions to dismiss or for summary judgment [D.E. 23, 34, 37, 46]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Phillips about the motions, the consequences of failing to respond, and the response deadlines [D.E. 25, 41, 48]. Phillips timely responded in opposition to all motions [D.E. 30, 42–45, 50]. On September 6, 2011, defendant McDevitt filed a reply [D.E. 51]. As explained below, the court grants summary judgment to McDevitt and denies the motions to dismiss at to Basu, Parekh, and Igboekwe.

---

[1] In his complaint, Phillips spelled this defendant's name as Igoekwe. The correct spelling of this defendant's name is Igboekwe. Mem. Supp. Igboekwe Mot. Dismiss at 1.

[2] In his complaint, Phillips spelled this defendant's name as McDivett. The correct spelling of this defendant's name is McDevitt. Mem. Supp. McDevitt Mot. Summ. J. at 1 n.1.

I.

In considering defendants' motions to dismiss or for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, a court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 129 S. Ct. at 1949–50; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

Phillips is incarcerated at Tillery Correctional Center. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0970085 (last visited Nov. 3, 2011). Phillips's allegations concern medical care that he received at Central Prison in Raleigh and at the "Burke Catawba District Confinement Center." Compl. 3–5. It appears that Phillips was transferred from the Burke-Catawba District Confinement Center to Central Prison via a "Safekeeping Order" for care of a foot infection that required a "'long term hospital stay.'" [D.E. 47-1] (Piland Aff.) ¶¶ 5–7. Phillips alleges that on June 2–3, 2007, defendant Basu gave him discontinued antibiotics which were spoiled, even though defendant Igboekwe allegedly had ordered the medication stopped. Compl. 5. Phillips alleges that on June 25, 2007,

2

defendant Parekh "failed to notify" the Department of Correction that Phillips was scheduled for foot surgery and that the failure caused a delay in having the surgery which resulted in "lifelong injury." Id. Phillips also alleges that defendant McDevitt, the Sheriff of Burke County, "failed to train the medical staff at the jail and denied [him] urgent medical help due to budget constraints at the jail" and "failed to take [him] back to surgery set on June 27, 2007" which allowed "[p]oison [to] spread further" and "more of [Phillips's] foot had to be amputated due to [the] delay." Id. at 4, 6. Phillips alleges defendant Igboekwe "had knowledge foot surgery . . . was set for June 27, 2007[, but] . . . released [Phillips] back to Burke County knowing the septic poison was a danger . . . ." Id. at 6. Upon Phillips's return to the Burke-Catawba District Confinement Center, a nurse examined him and "determined that the infection in . . . Phillips's left foot had healed." Piland Aff. ¶ 11 & Ex. B. However, Phillips was sent from the Burke-Catawba District Confinement Center to a local hospital for additional care, including antibiotics "to heal the ulcer and remove septic poison so the total dead and black toe of plaintiff['s] left foot could be amputated after poison was out of his system." [D.E. 50] (Pl. Aff.) at 2; see Reply Supp. McDivett Mot. Summ. J. 5 (acknowledging Phillips's transfer to hospital "for more specialized medical care for his left foot").

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979). As a practical matter, the analysis under the Due Process Clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). To state a section 1983 claim for inadequate medical care, a pretrial detainee must show deliberate indifference to his serious medical

3

needs in violation of his due process rights. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Nicodemus, 979 F.2d at 991–92. In order to prove such a claim, Phillips "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A pretrial detainee, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

Defendant Parekh, a physician who treated Phillips at UNC Hospital while he was held at Central Prison, seeks dismissal of Phillips's claim against him and argues that a failure to schedule or transport an inmate to a "follow-up medical appointment[]" does not violate the Constitution. Mem. Supp. Parekh Mot. Dismiss 5. However, Phillips plausibly alleges that Parekh was personally aware of his serious medical need, failed to address the need, and that the failure caused him significant harm, including blood poisoning and amputation of his foot. See Mem. Opp'n Parekh Mot. Dismiss 2; Compl. 5. Thus, Phillips has stated a claim against Parekh.

Next, defendant Basu, a nurse at Central Prison, seeks dismissal of Phillips's claim against her concerning her alleged decision to give Phillips discontinued antibiotics. Compl. 5. Basu contends that Phillips's allegations concerning the antibiotics are "nothing more than a disagreement between an inmate and a healthcare provider over the inmate's proper medical care[.]" Mem. Supp. Basu Mot. Dismiss 6. Basu also contends that Phillips has not alleged that he suffered any injury from ingesting the medication, and thus has not stated a constitutional violation. Id. 7. In opposition, Phillips cites his administrative grievance in which he alleges that "his left kidney and eyesight is damaged" as a result of ingesting the medication. Compl. 2. Phillips also alleges that

4

Basu forced him to take the medication even though he informed her that defendant Igboekwe had ordered the medication to be discontinued. Compl. 2, 5. Thus, Phillips has stated a claim against Basu.

Next, defendant Igboekwe seeks dismissal of plaintiff's claim against him and argues that Philips failed to serve the complaint and summons upon him, and that Phillips has failed to state a claim against him. Igboekwe Mot. Dismiss 1. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). Rule 4(e)(1) permits a plaintiff to serve individual defendants "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004); Waller v. Butkovich, 584 F. Supp. 909, 926 (M.D.N.C. 1984). When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(a)(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee, North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee

5

authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

Igboekwe has not shown that service was improper. The United States Marshal filed a return of service on Igboekwe indicating service on him at his place of employment via certified mail, return receipt requested. Igboekwe has presented only his affidavit challenging the service, not the "affidavits of more than one person[.]" Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Moore, 341 F. Supp. 2d at 573. Because Igboekwe has not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss without prejudice to the extent that it is based on improper service.

As for the sufficiency of Phillips's allegations against Igboekwe, Phillips alleges that Igboekwe "had knowledge foot surgery . . . was set for June 27, 2007[, but] . . . released [Phillips] back to Burke County knowing the septic poison was a danger." Compl. 6. Igboekwe contends that the alleged conduct amounts to nothing more than a "custodial decision, . . . [which] does not rise to the level of deliberate indifference to a serious medical need." Mem. Supp. Igboekwe Mot. Dismiss 9. The court, however, concludes that Phillips has stated a claim against Igboekwe.

Next, defendant McDevitt seeks summary judgment on Phillips's claim against him in his individual supervisory capacity. McDevitt has submitted an affidavit and states that, in his former capacity as Sheriff of Burke County, he did not serve as Administrator of the Burke-Catawba District Confinement Facility, had no personal involvement in any inmate's medical care, and had no

6

authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

Igboekwe has not shown that service was improper. The United States Marshal filed a return of service on Igboekwe indicating service on him at his place of employment via certified mail, return receipt requested. Igboekwe has presented only his affidavit challenging the service, not the "affidavits of more than one person[.]" Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Moore, 341 F. Supp. 2d at 573. Because Igboekwe has not overcome the presumption of valid service under North Carolina law, the court denies his motion to dismiss without prejudice to the extent that it is based on improper service.

As for the sufficiency of Phillips's allegations against Igboekwe, Phillips alleges that Igboekwe "had knowledge foot surgery . . . was set for June 27, 2007[, but] . . . released [Phillips] back to Burke County knowing the septic poison was a danger." Compl. 6. Igboekwe contends that the alleged conduct amounts to nothing more than a "custodial decision, . . . [which] does not rise to the level of deliberate indifference to a serious medical need." Mem. Supp. Igboekwe Mot. Dismiss 9. The court, however, concludes that Phillips has stated a claim against Igboekwe.

Next, defendant McDevitt seeks summary judgment on Phillips's claim against him in his individual supervisory capacity. McDevitt has submitted an affidavit and states that, in his former capacity as Sheriff of Burke County, he did not serve as Administrator of the Burke-Catawba District Confinement Facility, had no personal involvement in any inmate's medical care, and had no

personal knowledge regarding Phillips's medical condition or alleged scheduled surgery. McDevitt Aff. ¶¶ 6–7, 11. In opposition to McDevitt's motion, Phillips relies on the allegations in his complaint, a prior "appellate claim" against McDevitt from 1983 which is "similar to plaintiff's" case, the fact that Phillips informed a corporal and a major at the jail of his scheduled surgery, and the treatment provided to another inmate who had a heart attack [D.E. 30, 50].

The record demonstrates that McDevitt had no actual or constructive knowledge of a risk of constitutional injury, that McDevitt was not deliberately indifferent to that risk, and that there is no affirmative causal link between McDevitt's alleged inaction and the alleged constitutional injury. See Randall v. Prince George's Cnty., 302 F.3d 188, 206 (4th Cir. 2002); Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Accordingly, the court concludes summary judgment is appropriate on Phillips's claim against McDevitt.

Finally, to the extent Phillips (again) requests appointment of counsel, the court (again) denies the request. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

II.

In sum, the court GRANTS defendant McDevitt's motion for summary judgment [D.E. 46], and the claims against McDevitt are DISMISSED. The court DENIES the motions to dismiss of defendants Basu, Parekh, and Igoekwe [D.E. 23, 34, 37]. The Clerk of Court is DIRECTED to maintain management of this action and issue a scheduling order.

SO ORDERED. This _3_ day of November 2011.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:10-ct-03069-D   Document 52   Filed 11/03/11   Page 7 of 7